## Ballard and Parkman, *manucaptors* of Chapman, *ads*. Kibbe and Ludlow.

THIS was an application by bail to furrender their principal, on the following cafe.

In April term, 1797, Ca. fa. againft the principal was returned *non eft*. On which, plaintiffs iffued a *cap. ad. refp.* againft the bail *jointly*, on their recognizance. This writ was delivered to the fheriff of *Herkimer* or his deputy, early in April vacation, being returnable the laft tuefday of July then next.

On the 7th of July the deputy, having poffeffion of the writ, but not in his pocket, met *Parkman*, one of the bail, and informed him of the writ; on which Parkman promifed to come to the houfe of the deputy and *indorfe his appearance thereon before the return day.* He accordingly came and indorfed his appearance, but at what time precifely, *Cheefeborough*, the deputy, who is the witnefs, does not recollect. By the affidavit of *Parkman* himfelf, it appears to have been two days *after the return day of the writ.* The writ was then returned, with *fuch*

*indorfement,* but without any return indorfed *by the
fheriff* himfelf.

In July vacation, plaintiff iffued an *al. cap.*
againft *Ballard,* to anfwer *fimul cum Parkman,* re-
turnable in October term, which having been re-
turned " *non eft*," plaintiffs iffued a *teftatum* againft
*Ballard* alone, returnable in January, 1798, di-
rected to the fheriff of Onondaga, who took him.

Auguft 28th, 1797, defendant's attorney had de-
livered plaintiff's attorney a writing intended as a
plea in abatement, praying that for want of *an of-
ficial return,* as well as on account of fuch *irregular*
fervice of the writ on *Parkman,* the plaintiff's bill
might be quafhed.

February 10th, 1798, plaintiff's attorney deliver-
ed a copy of the declaration filed, againft the bail
jointly.

February 13th, 1798, plaintiff's attorney received
a plea in chief, *nil debet,* in behalf of *Ballard* alone;
and at the fame time another writing, intended as
a plea in abatement, in behalf of *Parkman* feparate-
ly, and fo entitled, and grounded upon the before
mentioned objection, viz. the want of *official return.*

The proceedings refpecting the furrender were as
follows.

January 13th, 1798, three days before the term,
the fheriff of Herkimer figned an acknowledgment,

that the principal was in his cuſtody, on a ſurrender by *Parkman*, in behalf of himſelf and *Ballard*.

January 27th, On application of *Ballard* in behalf of himſelf and Parkman, his Honor Judge Benſon made an order for a commitment.

March 5th, The ſheriff ſigned a farther acknowledgment, that the principal was ſtill remaining in his cuſtody when the *committitur* came to his hands.

March 20th, Judge Benſon made an order for the plaintiffs to appear and ſhew cauſe why an *exoneretur* ſhould not be entered. They appeared accordingly, and the caſe was adjourned over to be argued and determined in open Court.

On this caſe the following queſtions were raiſed:

I. Are the defendants now too late in their application?

II. Can one bail be diſcharged alone when the application is for the diſcharge of both?

III. Will the diſcharge of one bail operate as a diſcharge of all? and if one is fixed, will not the other be ſo likewiſe?           *Curia ad. vult.*

*Per Curiam.* The ſurrender by *Ballard* is good as to both. If a plaintiff will elect to ſue ſpecial bail *jointly*, he who is firſt taken ſhall have time to

furrender till the laft is taken alfo, and till the time allowed him [the laft] for furrendering is expired. If he fues them *feparately*, then each may be feparately *fixed;* or one may be fixed, and the other may afterwards furrender the principal, and be difcharged. So that, in fact, plaintiff may have the body of defendant in cuftody, and at the fame time go on with a fuit againft the other bail which has been fixed. He cannot, however, have more than one fatisfaction.

Let the defendants take the effect of their motion, on payment of cofts.